848 F.2d 190
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Beverly GABRIEL, Plaintiff-Appellee,
v.
CHEVROLET MOTOR DIVISION OF GENERAL MOTORS CORPORATION,
Defendant-Appellant.
 No. 87-1030.
 United States Court of Appeals, Sixth Circuit.
 June 6, 1988.
 
 Before WELLFORD and ALAN E. NORRIS, Circuit Judges and R. ALLAN EDGAR, District Judge.*
 PER CURIAM.
 
 
 1
 On January 30, 1984, plaintiff filed, in state court, a complaint alleging that she had worked for defendant General Motors (GM) from the time she was hired in 1976 until she was laid off in January 1980; that she elected to receive her severance pay in 1982 and moved to Cincinnati where she became employed in 1983; that defendant then advised her by telephone that she was being called back to work; that she advised the caller she had received severance pay; that in reliance upon the promise of employment she quit her job in Cincinnati and returned to work with defendant in Michigan; and that she was later advised she was "illegally" working for defendant and terminated. She maintained that as the result of defendant's conduct she incurred financial losses from relocation and loss of her employment. She sought reinstatement, back pay from the date of her discharge, and damages.
 
 
 2
 The cause was removed to the district court at the request of GM. Plaintiff sought remand to the state court on the basis that her cause of action was "not based on the Collective Bargaining Agreement and no such basis was alleged in the Complaint," but remand was denied. GM moved for summary judgment, contending that plaintiff was a member of the union at the time of her termination, her employment was governed by a collective bargaining agreement, and that plaintiff had failed to pursue the remedies available to her under the agreement. GM's position was that, under the collective bargaining agreement, once plaintiff took severance pay she terminated her rights to seniority and recall. The motion for summary judgment was granted, apparently due to plaintiff's failure to exhaust her contractual remedies, and the case was dismissed with prejudice. No appeal was taken.
 
 
 3
 After exhausting her union remedies, plaintiff filed another complaint, this time in district court, in language essentially identical to the one she earlier filed in state court. GM moved to dismiss on res judicata grounds and for the reason that plaintiff's claim of wrongful termination was preempted by Sec. 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185, and plaintiff had failed to allege that the union had breached its duty of fair representation. The district court granted defendant's motion on the preemption ground. Plaintiff then sought reconsideration, the opportunity to amend her complaint, and remand to state court. Her tendered amended complaint added allegations sounding in promissory estoppel. The motion was denied. Plaintiff's appeal is from the district court's orders in this second case.
 
 
 4
 We affirm. Although we have reservations about the district court's having declined remand in the first case, since plaintiff's complaint was not substantially dependent upon an interpretation of the collective bargaining agreement [see Caterpillar, Inc. v. Williams, 107 S.Ct. 2425 (1987) ], that order was not appealed, and preemption became the law of the case. Because that action was dismissed with prejudice, the district court retained no jurisdiction over the cause.
 
 
 5
 Plaintiff's second action was filed in the district court, not the state court. To the limited extent that her complaint included a prayer for reinstatement and back pay, her cause of action was preempted by federal labor law, and she was required to plead and prove that the union had breached its duty of fair representation in order to obtain that relief. She did not seek to amend her complaint to include that allegation. As for the primary claim which appears to place no reliance upon the collective bargaining agreement and sought damages for losses resulting from her reliance on GM's calling her back to work, such as giving up her Cincinnati job and relocation expenses, since plaintiff failed to appeal the order declining remand in the first case and that first complaint was dismissed with prejudice, there was no basis for remanding that portion of the second complaint to the state court.
 
 
 6
 Accordingly, in view of the posture in which this appeal reaches us, we are left with no alternative but to affirm the judgment of the district court.
 
 
 7
 R. ALLAN EDGAR, District Judge, for Eastern District of Tennessee, Sitting by Assignment, concurring.
 
 
 8
 I concur with the result reached in this case. However, I differ with my colleagues in that I conclude that the district court correctly declined to remand the first case to state court. Plaintiff's claim is essentially a wrongful discharge case, and its resolution is "inextricably intertwined" with the collective bargaining agreement. Therefore, the federal district court had subject matter jurisdiction over the claim under section 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185. See International Brotherhood of Electrical Workers, AFL-CIO v. Hechler, --- U.S. ----, 107 S.Ct. 2161, 95 L.Ed.2d 791 (1987); Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985); Moore v. General Motors Corp., 739 F.2d 311 (8th Cir.1984), cert. denied, 471 U.S. 1099 (1985).
 
 
 
 *
 The Honorable R. Allan Edgar, U.S. District Court for the Eastern District of Tennessee, sitting by assignment